FILED

NOT FOR PUBLICATION

MAR 30 2010

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

CARLOS ENRIQUE COLOMA
JOHNSON,

              Petitioner,

  v.

ERIC H. HOLDER Jr., Attorney General,

              Respondent.

No. 05-75880

Agency No. A095-600-271

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted March 11, 2010
San Francisco, California

Before: FERNANDEZ, THOMAS and CALLAHAN, Circuit Judges.

    Carlos Enrique Coloma Johnson ("Coloma"), a native and citizen of Peru,

petitions for review of the Board of Immigration Appeals' ("BIA") denial of his

applications for asylum, withholding of removal, and relief under the Convention

———————————

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition.[1]

Where, as here, the BIA adopts the immigration judge's ("IJ") decision without comment, we review the IJ's decision. *Don v. Gonzales*, 476 F.3d 738, 741 (9th Cir. 2006). We review the IJ's adverse credibility determination for substantial evidence. *Ghaly v. INS*, 58 F.3d 1425, 1431 (9th Cir. 1995). Under this standard, "administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4); *INS v. Elias-Zacarias*, 502 U.S. 478, 481 n.1 (1992).

Coloma, a retired Peruvian policeman, alleges that a secret paramilitary organization run by Fujimori's Chief of Intelligence (Grupo Colina) persecuted him for more than nine years by making daily anonymous, threatening telephone calls to his house, arranging for his dangerous job assignments, and making two or three "attempts" on his life. He alleges that Grupo Colina targeted him because he refused to join it and tried to investigate their wrongdoing.

The IJ found that Coloma's "overall version of events" was not credible, and pointed to several inconsistencies and implausibilities in his sworn statements. For

_____

[1] Because the parties are familiar with the facts, we repeat them here only as necessary to the disposition of this case.

2

example, the IJ noted that Coloma claimed that he could not safely return to Peru, but had done so twice while Fujimori was still in power, each time coming back from the United States without seeking asylum because he was "not interested" in it. Coloma also claimed that Grupo Colina punished him by arranging his transfer into dangerous drug trafficking regions, but also claimed that his transfers out of those regions and into "desk jobs" were punishment. Further, although Coloma claimed that Grupo Colina tried to stop his investigations into its activities by moving him to dangerous field assignments, the record shows he was transferred back into an investigative unit as late as 1997.

Furthermore, the IJ found that, assuming the threatening telephone calls occurred, they appeared to be more consistent with threats by narco-traffickers that Coloma had arrested and testified against than with threats by Grupo Colina. This conclusion was reasonable since, according to Coloma, the callers said that he had "done [them] a lot of damage," and Coloma presented no evidence that his refusal to join Grupo Colina adversely affected it. Moreover, his alleged attempts to expose its wrongdoing were admittedly unsuccessful. On this record, we are not compelled to reach a conclusion contrary to the IJ's, and we must uphold the IJ's

3

adverse credibility finding.[2]  Because Coloma's testimony regarding his alleged past persecution is not credible, we conclude that Coloma's asylum application was properly denied.  *See Li v. Ashcroft*, 378 F.3d 959, 960 (9th Cir. 2004).

Moreover, we conclude that, even assuming the alleged harassment occurred, there is no evidence to compel the conclusion that it was "on account of" Coloma's political opinion or membership in a social group.  Coloma gave differing reasons (including non-political ones) for why he refused to join the group, and there was no evidence showing that Grupo Colina imputed a political opinion to him, or that it was responsible for the alleged persecution.  *See Navas v. INS*, 217 F.3d 646, 655-57 (9th Cir. 2000).  For these same reasons, we conclude that the alleged persecution was also not "on account of" his membership in a purported social group, i.e., "policemen who refused to join Grupo Colina and investigated corruption."  Neither does the record compel the conclusion that he was harassed because he was a "former policemen in the Peruvian National Police Force."  *Cf. Montecino v. INS*, 915 F.2d 518, 520 (9th Cir. 1990) (recognizing

---

[2]  The IJ did not err by declining to make specific credibility determinations regarding the testimony of Coloma's wife and daughter.  Each of them provided testimony similar to Coloma's, none of which compels reversal of the IJ's findings.  Coloma's other allegedly corroborating evidence (e.g., a psychologist's diagnosis and his career record) is also insufficient to compel reversal because it does not resolve the inconsistencies discussed above.

4

persecution where ex-soldiers were targeted by the opposition for their past affiliation with the military). Indeed, here, Coloma alleged that it was Grupo Colina that forced him into early retirement.[3]

Coloma's failure to establish a credible claim of past persecution dooms his claim of a well-founded fear of future persecution. *See Valderrama v. INS*, 260 F.3d 1083, 1085 (9th Cir. 2001) (citing *Pal v. INS*, 204 F.3d 935, 939 (9th Cir. 2000)). Indeed, Coloma twice returned safely to Peru without seeking asylum.

Because Coloma has failed to establish his eligibility for asylum, he cannot meet the higher burden for withholding of removal. *Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006). Finally, nothing in the record compels the conclusion that Coloma "is more likely than not to suffer intentionally-inflicted cruel and unusual treatment" if removed to Peru. *See Nuru v. Gonzales*, 404 F.3d 1207, 1221 (9th Cir. 2005).

**DENIED.**

---

[3] We also reject Coloma's alternative argument that he is eligible for asylum even if his persecutors were narco-traffickers that the government was unable to control. The IJ did not err in observing that Coloma never asked the government to protect him from narco-traffickers. *See Baballah v. Ashcroft*, 367 F.3d 1067, 1078 (9th Cir. 2004). Further, Coloma's assertion that his status as a government employee, by itself, establishes an "imputed political opinion" is unavailing, as he does not explain what opinion the narco-traffickers may have been imputed to him, or the nexus between his job and the purported opinion. *Cf. Sagayadak v. Gonzales*, 405 F.3d 1035, 1042-43 (9th Cir. 2005).

5

*Coloma Johnson v. Holder*, No. 05-75880

THOMAS, Circuit Judge, concurring:

The immigration judge's adverse credibility determination was founded on impermissible speculation, and the IJ failed to address the petitioner's explanation for the purported inconsistencies. Thus, I cannot agree that substantial evidence supports the adverse credibility determination. *See Kaur v. Ashcroft*, 379 F.3d 876, 887 (9th Cir. 2004) ("An adverse credibility finding is improper when the IJ fails to address a petitioner's explanation for a discrepancy or inconsistency."); *see also Guo v. Ashcroft*, 361 F.3d 1194, 1201-02 (9th Cir. 2004) (IJ speculated impermissibly as to why applicant did not apply for asylum immediately upon entry).

However, substantial evidence does support the IJ's alternative holding denying relief on the merits. Therefore, I concur in the denial of the petition for review.